UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BLACK & DECKER CORPORATION, )<br>BLACK & DECKER, INC., BLACK & DECKER )<br>(U.S.) INC., EMHART CORPORATION, and )<br>EMHART INDUSTRIES, INC., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 96-10804-DPW<br>NO. 1:04-CV-10673-DPW<br>   (New York City Landfill Sites) |

**BLACK & DECKER'S RENEWED MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING THE NEW YORK CITY LANDFILL SITES**

Defendants ("Black & Decker") move, pursuant to Fed.R.Civ.P. 56, for partial summary judgment that Liberty Mutual Insurance Company ("Liberty Mutual") is in breach of its duty to defend Black & Decker with respect to the Black & Decker claim for insurance coverage regarding the New York City Landfill sites ("New York City Landfill Claim") on the ground that there is no genuine issue of material fact and Black & Decker is entitled to judgment as a matter of law. In support thereof, Black & Decker states:

1. Pursuant to the provisions of each of the blanket general liability insurance and/or comprehensive general liability insurance policies that Liberty Mutual issued to Farrel Corporation for the period July 1, 1961 through July 1, 1971, Liberty Mutual is obligated to defend Black & Decker with respect to the New York City Landfill Claim.

2. After receiving notice of the New York City Landfill Claim, Liberty Mutual withdrew from defending Black & Decker with respect to that claim.

3. Black & Decker has suffered damage as a result of the conduct of Liberty Mutual in breach of its duty to defend Black & Decker with respect to the New York City Landfill Claim.

4. As set forth in the prior rulings of this Court concerning the Ansonia and Derby, Connecticut sites (Docket Entry 539 in Civil Action No. 96-10804-DPW) and <u>Missionaries of the Co. of Mary v. Aetna Cas. & Sur. Co.</u>, 230 A.2d 21 (1967), as a result of its breach of its duty to defend, Liberty Mutual is liable to Black and Decker for the costs of indemnification.

5. Black & Decker is entitled to recover $11,934.00 in unreimbursed settlement costs that it has incurred in settling the New York City Landfill Claim, plus pre-judgment interest.

6. The basis of this motion is set forth in greater detail in the memorandum in support of this motion, the appendix to said memorandum and the statement of material facts in support of this motion, all filed herewith and incorporated herein, as well as in the appendix to the motion for partial summary judgment that Black & Decker filed in Civil Action No. 96-10804-DPW, incorporated herein.

## REQUEST FOR ORAL ARGUMENT

Black & Decker believes that oral argument may assist the Court in its consideration of this motion and requests an opportunity to be heard in connection with the motion.

By their attorneys,

Dated: November 10, 2004                /s/ Jack R. Pirozzolo
                                        Jack R. Pirozzolo BBO# 400400
                                        Richard L. Binder BBO# 043240
                                        James J. Nicklaus, BBO# 564806
                                        Willcox, Pirozzolo & McCarthy
                                        Professional Corporation
                                        50 Federal Street
                                        Boston, Massachusetts  02110
                                        (617) 482-5470